LATHAM & WATKINS LLP
Michele D. Johnson (Bar No. 198298)
*michele.johnson@lw.com*
Ryan A. Walsh (Bar No. 294506)
*ryan.walsh@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel.: +1.714.540.1235; Fax: +1.714.755.8290

*Attorneys for Nominal Defendant Beyond Meat, Inc. and Defendants Ethan Walden Brown, Mark J. Nelson, Philip E. Hardin, Seth Goldman, Sally Grimes, Raymond Lane, Muktesh Pant, Ned Segal, and Kathy Waller*

[Additional counsel listed on next page]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE BEYOND MEAT, INC. STOCKHOLDER DERIVATIVE LITIGATION | Lead Case No. CV 23-5954-MWF(AGRx) |
| This Document Relates to: ALL ACTIONS. | **STIPULATION TO STAY ACTION** |

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
BETSY C. MANIFOLD (182450)
FERDEZA ZEKIRI (335507)
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
Email: manifold@whafh.com
Email: zekiri@whafh.com

**GAINEY McKENNA & EGLESTON**
GREGORY M. EGLESTON
THOMAS J. MCKENNA
501 Fifth Avenue, 19th Fl.
New York, NY 10017
Telephone: (212) 983-1300
Facsimile: (212) 983-0383
Email: gegleston@gme-law.com
Email: tjmckenna@gme-law.com

*Attorneys for Plaintiff Kimberley Brink*

**THE BROWN LAW FIRM, P.C.**
ROBERT C. MOEST
2530 Wilshire Boulevard, Second Floor
Santa Monica, CA 90403
Telephone: (310) 915-6628
Facsimile: (310) 915-9897
Email: rmoest@aol.com

**THE BROWN LAW FIRM, P.C.**
TIMOTHY BROWN
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

*Attorneys for Plaintiff Hugues Gervat*

WHEREAS on July 21, 2023, Plaintiff Hugues Gervat filed a shareholder derivative action on behalf of nominal defendant Beyond Meat, Inc., ("Beyond Meat" or the "Company") in this Court making claims for breach of fiduciary duty, unjust enrichment, and gross mismanagement against defendants Ethan Walden Brown, Seth Goldman, Sally Grimes, Raymond Lane, Muktesh Pant, Ned Segal, Kathy Waller, Mark J. Nelson, and Philip E. Hardin, (collectively, the "Individual Defendants" and together with Beyond Meat, Inc., the "Defendants") and for violations of Section 14(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and for contribution under Sections 10(b) and 21D of the Exchange Act against certain of the Individual Defendants, captioned *Gervat v. Brown*, Case No. 2:23-cv-05954 (the "Gervat Action");

WHEREAS on July 27, 2023, Plaintiff Kimberly Brink (Plaintiffs and Defendants are collectively referred to herein as the "Parties") filed a shareholder derivative action in this Court making claims for breach of fiduciary duty, unjust enrichment, and gross mismanagement against the Individual Defendants, and for violations of Section 14(a) of the Exchange Act against certain of the Individual Defendants, captioned *Brink v. Brown*, Case No. 2:23-cv-06110 (together with the Gervat Action, the "Two Pending Derivative Actions");

WHEREAS, on August 15, 2023, the Court entered an order consolidating the Two Pending Derivative Actions and any future actions that challenge "the same, or substantially the same, transactions or events," ECF No. 12, (the "Consolidated Derivative Action");

WHEREAS, the Consolidated Derivative Action alleges claims related to those claims asserted in a securities class action lawsuit pending in the this Court captioned *Saskatchewan Healthcare Employees' Pension Plan v. Beyond Meat, Inc. et al.*,, No. 2:23-cv-03602 (filed May 11, 2023) (the "Securities Class Action");

WHEREAS, in the interests of judicial economy and conserving the resources of the Parties and the Court, the Parties to this Action agree that the Court should

stay the Consolidated Derivative Action, pending decision on a forthcoming Motion to Dismiss the Class Action;

WHEREAS, the Parties have agreed that during the pendency of the stay of the Consolidated Derivative Action, Defendants shall not be required to file motions to dismiss, answer or otherwise respond to any complaint or any amended complaint previously or subsequently filed in the Consolidated Derivative Action;

WHEREAS, the Parties, by and through their counsel, have met and conferred and, for the convenience of the Parties and the Court, hereby enter into the following stipulation, subject to the Court's approval;

NOW, THEREFORE, IT IS THEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the Parties, that:

1. The Consolidated Derivative Action (including all discovery) shall be stayed until twenty (20) business days following the resolution of any and all motions to dismiss, including exhaustion of appeals in the Securities Class Action or any related securities class actions that may be filed.

2. If the stipulated stay of proceedings is lifted, the Parties shall meet and confer and within five (5) business days submit a proposed scheduling order governing any further proceedings in the Consolidated Derivative Action, including any amended complaint filed by Plaintiffs and the date by which Defendants must answer or otherwise plead.

3. Defendants shall promptly notify Plaintiffs if and after any other related derivative lawsuit ("Related Derivative Action") is filed in this Court or another court.

4. Defendants shall promptly notify Plaintiffs if any Related Derivative Action is not stayed for the same duration as or a longer duration than the Consolidated Derivative Action, within ten (10) days thereafter.

5. If any Related Derivative Action not consolidated with the Consolidated Derivative Action is not stayed for the same duration as or a longer

duration than the stay of the Consolidated Derivative Action, Plaintiffs may lift the agreed stay upon five (5) days' written notice via email to the undersigned counsel of Defendants and Beyond Meat. In the event that Plaintiffs lift the stay pursuant to this paragraph, Defendants and Beyond Meat reserve the right to pursue a motion for a further stay of proceedings, which Plaintiffs may oppose, but not on the grounds that the Consolidated Derivative Action should be stayed in deference to a Related Derivative Action; provided that the schedule for briefing any such motion to stay shall be included in the proposed schedule referenced in paragraph 2 above.

6. After the stay is lifted, Defendants shall not move to stay the Consolidated Derivative Action in deference to a Related Derivative Action.

7. If Defendants produce documents or written discovery to any shareholder in response to a related books and records demand or to any plaintiffs in any Related Derivative Action, Defendants shall promptly provide copies to Plaintiffs in the Consolidated Derivative Action subject to the parties entering into a reasonable confidentiality agreement that governs use of such documents in this Consolidated Derivative Action.

8. If the parties in any Related Derivative Action choose to pursue mediation, Defendants and Beyond Meat agree to provide Plaintiffs in the Consolidated Derivative Action with reasonable advanced notice of such mediation and to include Plaintiffs in such mediation.

9. If the parties in the Securities Class Action choose to pursue mediation, Defendants and Beyond Meat agree to provide Plaintiffs in the Consolidated Derivative Action with reasonable advanced notice of such mediation. In the event that Defendants do not include Plaintiffs in such mediation by the date they provide Plaintiffs such advance notice, the stay shall be lifted on that date.

10. During the stay, Plaintiffs may file an amended complaint, but Defendants shall not be required to respond to any such amended complaint until

after the stay of proceedings is lifted and the Parties have filed with the Court a proposed scheduling order governing further proceedings.

11. This Stipulation is without prejudice to any and all defenses Defendants may assert in the Consolidated Derivative Action, including but not limited to any jurisdictional or venue challenges, and without prejudice to any and all claims Plaintiffs may assert in the Consolidated Derivative Action.

**IT IS SO STIPULATED**

Dated: October 13, 2023

Respectfully submitted,

LATHAM & WATKINS LLP
Michele Johnson
Ryan A. Walsh

By /s/ Michele Johnson
Michele Johnson

*Attorneys for Nominal Defendant Beyond Meat, Inc. and Defendants Ethan Walden Brown, Mark J. Nelson, Philip E. Hardin, Seth Goldman, Sally Grimes, Raymond Lane, Muktesh Pant, Ned Segal, and Kathy Waller*

Dated: October 13, 2023

THE BROWN LAW FIRM, P.C.
Robert C. Moest
Timothy Brown

By /s/ Robert C. Moest
Robert C. Moest

*Attorneys for Plaintiff Hugues Gervat*

Dated: October 13, 2023

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
Betsy C. Manifold
Ferdeza Zekiri

By /s/ Betsy C. Manifold
Betsy C. Manifold

GAINEY McKENNA & EGLESTON
Gregory M. Egleston
Thomas J. Mckenna

*Attorneys for Plaintiff Kimberley Brink*

## ATTESTATION STATEMENT

I, Michele D. Johnson, am the ECF User whose identification and password are being used to file the STIPULATION TO STAY ACTION. Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

By: *__/s/ Michele D. Johnson__*
Michele D. Johnson